IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | Civil Action No. 17-1012 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPONSE TO DEFENDANTS'
STATUS REPORT AND PROPOSED SCHEDULE**

Plaintiff Judicial Watch, Inc. respectfully submits this response to Defendants' status report and proposed schedule (Dkt. Entry No. 8) in this FOIA case. Defendant State Department states that "[g]iven the volume of FOIA requests and resources available, State estimates that it can process roughly 300 pages per month." *Id*. at 2.

Defendant must do more to justify a production schedule of only 300 pages per month. In another recent FOIA case before this Court, Judge Kessler rejected the FBI's proposed processing schedule of 500 pages per month as too slow. *See* Mem. Opinion at 12, *Seavey v. DOJ*, No. 15-1303 (D.D.C. July 20, 2017). Judge Kessler explained that an agency must do more to justify a limited production schedule based on volume of other FOIA requests:

> If the FBI really wanted to demonstrate that processing larger FOIA requests would impact the processing of other requests there are numerous data points it could provide the Court. Relevant information includes: (1) the FBI's capacity to process FOIA and Privacy Act requests expressed as a rate - i.e. a number of pages per month; (2) the average number of pages generated by FOIA and Privacy Act requests expressed as a rate; and (3) the distribution of requested pages between queues, and, in particular, the number of pages associated with the largest requests in the large queue. Such data *might* plausibly demonstrate a gross imbalance between the FBI's processing capabilities and the size of the largest requests it receives, and thereby show that the diversion of resources to the largest requests would substantially delay the processing of smaller requests.

*Id*. at 9.  Here, the State Department has provided no details or attempted to explain in any sufficient way why it can process only mere 300 pages per month.

Plaintiff, however, recognizes that resources are finite.  Plaintiff proposes that <u>500 pages per month</u> would facilitate a more timely production.

Dated:  August 8, 2017　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ James F. Peterson*
　　　　　　　　　　　　　　　　　　　　　　James F. Peterson
　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 450171
　　　　　　　　　　　　　　　　　　　　　　JUDICIAL WATCH, INC.
　　　　　　　　　　　　　　　　　　　　　　425 Third Street S.W., Suite 800
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　　　　　　(202) 646-5172
　　　　　　　　　　　　　　　　　　　　　　jpeterson@judicialwatch.org

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*